## YELLOW TRANSIT CO. v. SMITH et al.

No. 23328.    Opinion Filed Dec. 13, 1932.

Rehearing Denied Jan. 3, 1933.

J. B. Dudley, for petitioner.

Perry W. Morton and A. E. Allen, for respondents.

KORNEGAY, J. This is an application to review an award of the Industrial Commission, which is as follows:

"Now, on this the 29th day of December, 1931, the State Industrial Commission being regularly in session, this cause came on for consideration pursuant to a hearing had at Oklahoma City, Okla., on the 18th day of November, 1931, before the Honorable Fred H. Fannin, Commissioner, and a hearing had at Oklahoma City, Okla., on the 9th day of December, 1931, before Inspector W. A. McInnes, duly authorized by the Commission to conduct said hearing, at

which hearing the claimant appeared in person and by his attorneys, Morton & Allen, and the respondent by its attorney, J. B. Barnett; and the Commission, after reviewing the testimony taken at said hearing, and all the records on file, and being otherwise well and sufficiently advised in the premises, makes the following finding of fact:

"1. That on the 17th day of March, 1931, the claimant herein was in the employ of the respondent and engaged in a hazardous occupation subject to and covered by the Workmen's Compensation Law, and that on said date he sustained an accidental injury, arising out of and in the course of his employment, by sustaining an injury to his right leg.

"2. That the weekly wage of the claimant at the time of said accidental injury was $25 per week.

"3. That, as a result of said aforementioned accidental injury, the claimant was temporarily totally disabled from the performance of ordinary manual labor from the date of said accidental injury to the 22nd day of April, 1931, or four weeks and three days beyond the five-day waiting period for which claimant was paid compensation in the sum of $75.

"4. That as a result of said accidental injury, the claimant has sustained a 12½ per cent. loss of use of his right foot.

"The Commission is of the opinion: By reason of the foregoing facts, that the claimant is entitled to 18.75 weeks' compensation at the rate of $16.73 per week, or a total amount of $314.69 on account of the 12½ per cent. permanent partial loss of use of claimant's right foot due to said accidental injury; said sum computed from the date of last payment of temporary total compensation makes the entire sum due and owing at this time.

"It is therefore ordered: That within 15 days from this date the respondent pay to the claimant the sum of $314.69, or 18.75 weeks' compensation at the rate of $16.73 per week on account of the 12½ per cent. permanent partial loss of use of his right foot due to said accidental injury.

"It is further ordered: That within 30 days from this date the respondent file with the Commission receipt or other proper report evidencing compliance with the terms of this order."

We are asked to set it aside upon the ground that the evidence before the Industrial Commission did not warrant the finding made by it. As to the injury consisting of a broken ankle caused by the crushing force of a 600-pound filing cabinet falling on the right leg on the 17th of March, 1931, there does not appear to be any question. Neither does it appear that the amount of wages of the claimant is untruly stated in the findings. It appears that the petitioner paid the claimant $75 for temporary total disability, arising out of the breaking of the ankle and its consequences, the injury occurring on the 17th of March, 1931.

The hearing was had on the 18th of November, 1931, for the purpose of ascertaining the amount of disability that the claimant had suffered as a result of the broken limb. The claimant himself testified as to the accident, and the amount of wages, and the extent of his injury. As a result thereof, the foot was put in a plaster cast and remained there for something like eight weeks, and afterwards the claimant used crutches. Claimant testified that he had tried to work, and on account of the pain in the ankle he was not able to work, and that about a month before the day he was testifying, which was November 18, 1931, he got a local job on the railroad and worked about three or four days, and his ankle continued to hurt as a result of jumping on and off of the cars, and that it affected him in getting around to handle a job.

Dr. Barry testified to an examination, and stated that the claimant had arthritis affecting the right ankle, and he thought that the source of infection was his teeth, and until the teeth were extracted the claimant would not be able to resume his former occupation, and that he had a partial disability at that time, and it would be hard to set the percentage, and that the claimant was not able to do heavy manual labor requiring him to be on his feet every minute. Other details concerning it were brought out in direct examination and the sources of the trouble.

Dr. Collins also testified as to the fracture of the "internal malleolus" of the right ankle, with no displacement of the fragments, and related about the plaster cast being put on the foot, and stated that his examinations show that there was no permanent disability in the right foot.

The testimony of Dr. Hetherington was also taken, who made a recent examination of the foot, and he testified that an ankle once broken was not as good as before, and that in his opinion there was nothing in the man's general health that would have an influence on the ankle, and that he

thought the claimant was under a 12 or 15 per cent. disability, or even more, that might result permanently, and he thought it was permanent. Further details were testified about on cross-examination and re-examination.

Under these conditions the Commission made the award that it did. There was competent legal evidence to support it. The Commission observed the claimant and heard the testimony. Under the law, we do not think we should disturb the findings.

The award is accordingly affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ,. concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.